## LAROCHE *v.* KINCHLO *et al.*

1. Where land is sold at a tax sale, and within the time fixed by the statute the amount of the taxes paid for the land by the purchaser, together with the premium prescribed, is tendered to the purchaser by those entitled under the statute to redeem the land sold, the redemption is complete; and it is not necessary for those seeking and entitled to redeem to tender the amount of tax fi. fas. issued subsequently to the sale.
2. Under the evidence in the case the plaintiffs in the court below were proper parties to maintain the suit.

No. 3182.   NOVEMBER 18, 1922.

Equitable petition. Before Judge Meldrim. Chatham superior court. March 27, 1922. See 150 *Ga.* 296 (103 S. E. 713) ; 151 *Ga.* 442 (107 S. E. 539).

*Travis & Travis,* for plaintiff in error.

*George W. Owens,* contra.

BECK, P. J. Susan Kinchlo and others brought an equitable petition against I. D. LaRoche to require the reconveyance to them of property sold on October 1, 1918, under executions for taxes. It was alleged that LaRoche, the purchaser at the tax sale, was too ill to permit any communication being had with him; that the plaintiffs could not, therefore, tender to him the money lawfully due to him as the purchaser of the property, and that the sum due to him as principal and interest was $356.72, which amount was paid into the registry of court. This suit was filed on the last day of the year allowed for the redemption of the property. The defendant, by answer, denied the principal allegations of the bill, and set up as an affirmative defense, that, subsequently to the sale of the property described in the petition, an execution for taxes for 1918 on this property issued, and on April 2, 1919, LaRoche purchased this tax fi. fa.; that said execution was duly transferred to him by the sheriff of the county, and it, together with the transfer thereof, was duly recorded in the general execution docket in the office of the clerk of the superior court on the date of its purchase, April 2, 1919; that the amount of this execution was $30.95, and no part thereof was ever paid to LaRoche or offered to him or deposited in the registry of the court; that it was an outstanding lien against the property; and that, all these things occurring subsequently to the sale of the property to him and prior to the bringing of the suit and payment into the registry of court, the suit could not be maintained, because the amount of that execution and the increase thereon had never been tendered to him nor deposited into the registry of the court. Upon the trial of the case it appeared that the amount paid into the registry of the court did not include the amount of this tax execution. Nor did the plaintiffs tender to the defendant, prior to the bringing of the suit, or upon the trial, or at any other time, the amount of this execution. The court held that the plaintiffs were entitled to an absolute decree requiring the conveyance of the property to them by LaRoche without the payment of this fi. fa.; and that this execution should be entirely disregarded. The defendant filed a motion for new trial, which was overruled, and he excepted.

1. The first special ground of the motion for new trial contains an assignment of error upon the ruling of the court under which an execution for taxes offered by the plaintiff in error was excluded from evidence. This tax fi. fa. was for the State and county taxes for the year 1918, and was issued by the tax-collector on December 20, 1918, subsequently to the date of the sale for taxes of the property sought to be redeemed. The fi. fa. had been duly transferred to LaRoche, the defendant. The court did not err in refusing to admit this fi. fa. in evidence. Section 1169 of the Code of 1910, which relates to redemption of property sold for taxes, reads as follows: " -Where real estate has been sold under any State, city, county, or school-tax fi. fa., the same may be redeemed at any time within twelve months after the sale by the defendant in tax fi. fa., his guardian or trustee, heirs or personal representatives, or by any tenant in common, remainderman, or other persons having an interest in such property, or by the holder of any mortgage, judgment, lien, or other interest in said property, or by any creditor of the defendant in fi. fa., by paying the purchaser the amount paid by said purchaser for said land, with ten per cent. premium thereon from the date of the purchase to the time of payment." The amount paid by the purchaser at the sale, together with the ten per cent. premium, had been paid into the registry of the court. That was all that the statute requires the one having the interest that entitles him to redeem property sold at a tax sale to do to make the redemption complete. Tax fi. fas. issued subsequently to the sale may have created a lien upon the property, but did not enter into the amount which it was necessary to tender in order to redeem the land sold. To hold that the redemption could not be had until fi. fas. issued subsequently to the tax sale were paid would be adding a burden not imposed by the terms of the statute. The words of the statute providing for the redemption of the land sold at tax sales are, that the property " may be redeemed at any time within twelve months after the sale, . . by paying the purchaser the amount paid by said purchaser for said land, with ten per cent. premium thereon from the date of the purchase to the time of payment." To hold that it is necessary to pay off the after-acquired tax fi. fa., would be adding to the burden placed on the privilege of redemption by the statute. The statute providing for redemption is to be favored.

Numerous decisions are cited in the brief of counsel for plaintiff in error, which it is insisted announce a different ruling from that here made. Some of these cases thus cited do not lay down a different rule, and some of them are based on statutes relating to redemption that are different from ours. If others lay down a different principle, we decline to follow them, in view of the plain provisions of our statute, which it is our duty to apply in cases like this.

2. It appears from the evidence in the case that the parties plaintiff were the proper ones to make the tender necessary for redemption, and therefore the proper parties to the petition filed in the present case. The reference in the will of the ancestor of the plaintiffs to "my adopted sons," naming them, and the statement in the evidence of one of the witnesses that this ancestor had two adopted sons, did not show that these sons had been legally adopted so as to inherit the estate of the ancestor of these plaintiffs. Indeed, the reference to the adopted sons is purely casual, and it is plain from this record that there was no attempt upon the part of the defendant in the court to show that the claimants in this case were not the remaindermen entitled to the estate.          *Judgment affirmed. All the Justices concur.*